[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #117
The plaintiff, Robert Carrano, brought this action against the defendant, MJM Studios, Inc., (MJM) for injuries which she allegedly sustained on June 23, 1998. The plaintiff's complaint had a return day of March 23, 1999. MJM then brought an apportionment complaint against, inter alia, T. Keefe and Sons, (Keefe) dated July 22, 1999. The apportionment complaint was delivered to the sheriff on July 22, 1999 and service was made on July 29, 1999 via certified mail.
The apportionment defendant, Keefe, has moved to dismiss the apportionment complaint as it was not sewed within 120 days of the return day specified in the plaintiff's original complaint as required by C.G.S. § 52-102b (a).
Keefe alleges that the 120 day requirement is mandatory and not directory and cites an overwhelming majority of Superior Court decision to that effect. Such cases also hold that failure to comply with the 120 day requirement deprives the court of subject matter jurisdiction. The plaintiff, on the other hand argues that the 120 day time limit set forth in § 52-102b (a) is directory rather than mandatory and thus, failure to comply with that requirement does not implicate subject matter jurisdiction. The original defendant, MJM, has not filed a brief in CT Page 2673 response to Keefe's motion to dismiss.
This court agrees with the majority of courts which hold that the plain language § 52-102b (a) makes the 120 day period mandatory rather than directory and therefore, failure to comply with that requirement deprives the court of subject matter jurisdiction over the apportionment complaint. Thus, the motion to dismiss must be granted insofar as the apportionment complaint is concerned.
The apportionment defendant, Keefe, also moves to dismiss the direct claim made by the plaintiff against it in an amended complaint and request to amend dated October 22, 1999 and filed on October 25, 1999. This direct claim was filed within the 2 year statute of limitations contained in C.G.S. § 52-584 and within 60 days of the return day of the apportionment complaint as required by C.G.S. § 52-102b (d).
Essentially, Keefe claims that since the court had no subject matter jurisdiction over it to begin with, the direct claim by the plaintiff must also fail for lack of subject matter jurisdiction.
The court disagrees with Keefe's argument and agrees with the analysis of the plaintiff contained in her supplemental brief dated March 11, 2002. The plaintiff's direct claim against Keefe was within the 2 year statute of limitations for negligence actions and within the 60 days for asserting a direct claim against an apportionment defendant as noted above.
The apportionment defendant, Keefe, argues that the plaintiff should have determined that the apportionment complaint was untimely and brought her claim against it by service of a summons and complaint rather than a direct claim in the pending action. However, in making this argument, Keefe is contesting personal jurisdiction rather than subject matter jurisdiction. Such being the case, Keefe was required by Practice Book § 10-30 to file its motion to dismiss within 30 days of the filing of an appearance. This was not done.
Therefore, the motion to dismiss of the defendant T. Keefe and Sons, is granted as to the apportionment complaint of the defendant MJM, and denied as to the third count of the plaintiff's complaint alleging a direct action against it.
Thompson, J. CT Page 2674